Ryan Lee (SBN: 235879)
rlee@consumerlawcenter.com
Matthew A. Rosenthal (SBN 279334)
mrosenthal@consumerlawcenter.com
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 405
Los Angeles, CA  90025
Tel: (323) 988-2400
Fax: (866) 861-1390
MEAGAN BAKER

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**
**SAN DIEGO DIVISION**

| | |
|---|---|
| MEAGAN BAKER, | Case No.: '14CV2307 LAB NLS |
| Plaintiff, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| v. | **(Unlawful Debt Collection Practices)** |
| CREDIT ONE BANK, N.A., | |
| Defendant. | |

MEAGAN BAKER (Plaintiff), by his attorneys, KROHN & MOSS, LTD., alleges the following against CREDIT ONE BANK, N.A. (Defendant):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on Telephone Consumer Protection Act, 28 U.S.C. § 227 *et seq.* (TCPA).

2. Count II of the Plaintiff's Complaint is based on Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.* (RFDCPA).

**JURISDICTION AND VENUE**

3. Jurisdiction of this Court over Counts I of Plaintiff's Complaint arises pursuant to 28 U.S.C. § 1331, and 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained herein.

4. Defendant conducts business in the State of California thereby establishing personal jurisdiction.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

6. Plaintiff is a natural person residing in Escondido, San Diego County, California.

7. Defendant is a business entity with a principal place of business in Las Vegas, Nevada.

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

9. In or around 2014, Defendant began constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt.

10. Plaintiff's alleged debt arose through a consumer credit transaction.

11. Defendant places collection calls from telephone numbers, including, but not limited to, 760-263-3533 and 760-712-4298.

12. Defendant places collection calls to Plaintiff's cellular telephone at phone number 760-522-19XX.

13. Per its prior business practices, each of Defendant's calls were placed using an automatic telephone dialing system.

14. On or around August 4, 2014, Plaintiff spoke with Defendant's representative, "Amy."

15. In the course of the phone call on or around August 4, 2014, Plaintiff requested that

1     Defendant cease placing collection calls to her cellular phone.

2   16. Plaintiff revoked any consent, express or implied, to receive calls from Defendant in the course of the call in or around August 4, 2014.

17. Despite Plaintiff's request to cease, Defendant continued to place multiple daily collection calls to Plaintiff, including but not limited to the following:

- August 9, 2014: two (2) calls;
- August 10, 2014: three (3) calls;
- August 11, 2014: two (2) calls;
- August 12, 2014: one (1) call;
- August 26, 2014: three (3) calls;
- August 28, 2014: three (3) calls;
- August 29, 2014: two (2) calls;
- August 30, 2014: one (1) call;
- August 31, 2014: one (1) call;
- September 9, 2014: one (1) call;

18. Despite Plaintiff's request to cease calling, Defendant placed a collection call to Plaintiff's work telephone at 760-741-98XX on September 10, 2014.

## COUNT I

**DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTIONS ACT**

19. Defendant's actions alleged *supra* constitute numerous negligent violations of the TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

20. Defendant's actions alleged *supra* constitute numerous and multiple knowing and/or willful violates of the TCPA, entitling Plaintiff to an award of $1500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47

U.S.C. § 227(b)(3)(C).

Wherefore, Plaintiff, MEAGAN BAKER, respectfully requests judgment be entered against Defendant, CREDIT ONE BANK, N.A. for the following:

21. Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

22. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(b) and 47 U.S.C. § (b)(3)(C);

23. All court costs, witness fees and other fees incurred; and

24. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

25. Plaintiff repeats and realleges all of the allegations in Count I of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

26. Defendant violated the RFDCPA based on the following:

   a. Defendant violated § 1788.11(d) of the RFDCPA by causing a telephone to ring repeatedly or continuously to annoy the person called;

   b. Defendant violated § 1788.11(e) of the RFDCPA by communicating with Plaintiff with such frequency as to be unreasonable and to constitute a harassment to Plaintiff.

   c. Defendant violated § 1788.17 of the RFDCPA by failing to comply with the Fair Debt Collection Practices, Act, 15 U.S.C. § 1692 *et seq.*, to wit:

      1. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff;

WHEREFORE, Plaintiff, MEAGAN BAKER, respectfully requests judgment be entered against Defendant, CREDIT ONE BANK, N.A. for the following:

27. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788.30(b),

28. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c), and

29. Any other relief that this Honorable Court deems appropriate.

DATED:  September 30, 2014

RESPECTFULLY SUBMITTED,

KROHN & MOSS, LTD.

By: /s/ Ryan Lee
Ryan Lee
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, MEAGAN BAKER, demands a jury trial in this case.